UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD H. HODGE, JR.,<br>46960 Lei Drive<br>Lexington Park, MD 20653,<br><br>PLAINTIFF<br>vs.<br><br>PAMELA TALKIN,<br>*in her official capacity as Marshal of the*<br>*Supreme Court of the United States*,<br>1 First St., NE,<br>Washington, DC 20543,<br><br>and<br><br>RONALD C. MACHEN, JR.,<br>*in his official capacity as*<br>*United States Attorney for the District of*<br>*Columbia*,<br>555 Fourth St., NW,<br>Washington, DC 20530<br><br>DEFENDANTS | ) ) ) Civil Action No. 1:12-cv-104 (BAH) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## FIRST AMENDED COMPLAINT

### INTRODUCTION

1.  By this action, Plaintiff Harold H. Hodge, Jr. challenges the constitutionality of 40 U.S.C. § 6135 on its face and as applied to his desired activities.

2.  There are two sub-parts to 40 U.S.C. § 6135. The first makes it "unlawful to parade, stand, or move in processions or assemblages in the Supreme Court Building or grounds," while the second makes it unlawful "to display in the Building and grounds a flag, banner, or device designed or adapted to bring into public notice a party, organization, or movement."

3. Mr. Hodge challenges the first sub-part on its face as being overbroad and vague. Mr. Hodge further challenges the first sub-part, as applied to the Supreme Court plaza, but not the inside of the building, as an improper time, place, and manner restriction in a public forum.

4. Mr. Hodge challenges the second sub-part on its face as being overbroad, vague, and an improper restriction on pure speech. Mr. Hodge further challenges the second sub-part on the basis that, as applied, corporate speech is permitted, while political speech is not permitted. Mr. Hodge still further challenges the second sub-part on the basis that, as applied, it violates the Equal Protection clause of the United States Constitution because it favors government speakers over private speakers.

## THE PARTIES

5. Plaintiff Harold H. Hodge, Jr. is a citizen of Maryland residing at 46960 Lei Drive, Lexington Park, MD. He is a full-time student at the College of Southern Maryland.

6. Defendant Pamela Talkin is the Marshal of the Supreme Court of the United States. Marshal Talkin is the statutory officer charged and empowered under 28 U.S.C. § 672 to take charge of all property used by the Supreme Court of the United States and to oversee the Supreme Court Police. Marshal Talkin also is empowered by federal law, 40 U.S.C. § 6121, to police the United States Supreme Court Building and grounds. Marshal Talkin is sued in her official capacity.

7. Defendant Ronald C. Machen, Jr. is the United States Attorney for the District of Columbia. United States Attorney Machen is charged, pursuant to 40 U.S.C. §

6137(b), with prosecuting violations of 40 U.S.C. § 6135.  United States Attorney Machen is sued in his official capacity.

## JURISDICTION AND VENUE

8. This action arises under the United States Constitution and 40 U.S.C. § 6135.  This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1331.

9. The Court may grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Rules 57 and 65 of the Federal Rules of Civil Procedure, and its own inherent authority to restrain unlawful government actions .

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because several of the defendants are officers or employees of the United States acting in their official capacity and a substantial part of the events giving rise to the claim occurred within the District of Columbia.

## FACTUAL ALLEGATIONS

*The Supreme Court Plaza*

11. The plaza area outside of the Supreme Court is oval in shape and approximately 252 feet in length.  It is separated from the sidewalk between First Street, N.E., and the Supreme Court building grounds by a few small steps which lead up about 3 feet to the plaza.  As a large, open space, the Supreme Court Plaza is no different than other traditional public fora such as parks and sidewalk.

12. The Supreme Court plaza has historically been used for First Amendment activities. Litigants and their attorneys have been and are permitted to hold press conferences and make speeches on the plaza. Tourists and attorneys on the plaza waiting in line to attend oral arguments are permitted to engage in conversations about matters before the Supreme Court. More recently, commercial film crews have been allowed to shoot scenes for movies on the plaza of the Supreme Court.

13. The Supreme Court plaza is open to the public 24 hours a day, except under special circumstances when it is closed by the Marshal. The public is free to enter and leave the Supreme Court plaza at all hours.

14. There is no gate, fence, or marking that serves to distinguish the Supreme Court plaza as a special enclave within which First Amendment activity is not permitted.

*The statute as applied*

15. As 40 U.S.C. § 6135 has been applied, speech by the government, such as the flying of an American flag on the Supreme Court plaza, is permitted, while speech by private citizens, such as the carrying of signs with political messages, is not permitted.

16. As 40 U.S.C. § 6135 has been applied, corporate speech, such as the display of corporate logos and slogans on bags and shirts, is permitted, while the display of political speech, such as the slogan "Occupy Everywhere" on a jacket, is not permitted.

*Mr. Hodge's arrest*

17.     On January 28, 2011, at approximately 11:35 a.m., Mr. Hodge went to the site of the Supreme Court of the United States located at the corner of First Street, N.E., and East Capitol Street, N.E., within the District of Columbia.

18.     At that time, Mr. Hodge had hanging from his neck a sign approximately 3 feet long and 2 feet wide, which had the following written upon it: "The U.S. Gov. Allows Police To Illegally Murder And Brutalize African Americans And Hispanic People." Hodge's purpose in going to this site and wearing the sign was to engage in expression on a political matter of public interest and importance and to raise public awareness about the adverse treatment of minorities by law enforcement.

19.     Mr. Hodge approached the Supreme Court building from the west, crossing First Street, N.E., then crossing the sidewalk between First Street, N.E., and then proceeding up the steps leading up to the plaza in front of the Supreme Court building.

20.     Mr. Hodge then stood quietly and peacefully upon the plaza area near the steps leading to the sidewalk in front of the Supreme Court Building, approximately 100 feet from the doors of the main entrance leading into the Supreme Court Building.

21.     After standing on the plaza for a few minutes, Mr. Hodge was approached by Officer Daniel Metague of the Supreme Court of the United States Police. Officer Metague informed Mr. Hodge that he was violating the law and was told to leave the plaza.

22.     Mr. Hodge refused and was given three warnings to leave the plaza.

23. When Mr. Hodge refused to leave the plaza, he was informed by Officer Metague that he was under arrest for violating 40 U.S.C. § 6135. Mr. Hodge was told to place his hands behind his back, and he peacefully and without resistance complied with this request.

24. Mr. Hodge was then handcuffed and taken to a holding cell within the Supreme Court building. Thereafter, he was transported to U.S. Capitol Police Headquarters where he was booked and given a citation for violating 40 U.S.C. § 6135. The citation required Mr. Hodge's appearance in the District of Columbia Superior Court on February 15, 2011.

25. In an information issued by the U.S. Attorney for the District of Columbia on February 4, 2011, Mr. Hodge was charged with violating 40 U.S.C. § 6135. The information alleged that Hodge "did unlawfully parade, stand, or move in processions or assemblages in the Supreme Court Building or grounds, or to [sic] display in the Building and grounds a flag, banner, or device designed or adapted to bring into public notice a party, organization, or movement."

26. Eventually, a "stet" agreement was entered into between the United States and Hodge. Pursuant to this agreement, if Mr. Hodge remained away from the Supreme Court building and grounds for 6 months, the charge under 40 U.S.C. § 6135 would be dismissed.

27. Mr. Hodge complied with the "stet" agreement in all respects, and on September 14, 2011, the charge under 40 U.S.C. § 6135 was dismissed.

*Mr. Hodge's desired future activities*

28.     Mr. Hodge desires to return to the plaza area in front of the Supreme Court building and engage in peaceful, non-disruptive political speech and expression in a similar manner to his activity on January 28, 2011.

29.     In addition to wearing a sign while on the Supreme Court Plaza as he did before, Mr. Hodge also desires to return to the plaza area in front of the Supreme Court building and picket, hand out leaflets, sing, chant, and make speeches, either by himself or with a group of like-minded individuals.  The political message that Mr. Hodge would like to convey would be directed both at the Supreme Court and the general public, and would explain how decisions of the Supreme Court have allowed police misconduct and discrimination against racial minorities to continue.

30.     Mr. Hodge desires to engage in the activities described in the previous two paragraphs immediately, but is deterred and chilled from doing so because of the terms of 40 U.S.C. § 6135 and his prior arrest on January 28, 2011 and subsequent prosecution for violating that statute.

31.     Mr. Hodge is suffering ongoing irreparable injury to his First Amendment rights because the threat of arrest and criminal prosecution under of 40 U.S.C. § 6135 has deterred him from engaging in speech and advocacy that is protected under the First Amendment.

32.     Mr. Hodge has no adequate remedy at law.

## COUNT I: FIRST AMENDMENT

33. Mr. Hodge incorporates by reference the allegations contained in ¶¶ 1 through 32 set forth above.

34. Both sub-parts of 40 U.S.C. § 6135 are unconstitutional restrictions in violation of the First Amendment to the United States Constitution.

## COUNT II: FIRST & FIFTH AMENDMENT (OVERBREADTH)

35. Mr. Hodge incorporates by reference the allegations contained in ¶¶ 1 through 32 set forth above.

36. Both sub-parts of 40 U.S.C. § 6135 are unconstitutional restrictions in violation of the First and Fifth Amendments to the United States Constitution because they are overbroad.

## COUNT III: FIRST & FIFTH AMENDMENT (VAGUENESS)

37. Mr. Hodge incorporates by reference the allegations contained in ¶¶ 1 through 32 set forth above.

38. Both sub-parts of 40 U.S.C. § 6135 are unconstitutional restrictions in violation of the First and Fifth Amendment to the United States Constitution because they are void for vagueness. The following phrases are undefined in the statute and fail to provide notice as to what is unlawful and to guide government officials in enforcement: "parade, stand, or move in processions or assemblages" and "flag, banner, or device designed or adapted to bring into public notice a party, organization, or movement."

## COUNT IV: FIRST AMENDMENT (CONTENT & VIEWPOINT DISCRIMINATION)

39. Mr. Hodge incorporates by reference the allegations contained in ¶¶ 1 through 32 set forth above.

40. The second sub-part of 40 U.S.C. § 6135 is an unconstitutional restriction in violation of the First Amendment to the United States Constitution because, as applied, it discriminates in favor of corporate speech and against political speech.

41. The second sub-part of 40 U.S.C. § 6135 is an unconstitutional restriction in violation of the First Amendment to the United States Constitution because, as applied, it discriminates in favor of speech supportive of the United States government and the Supreme Court and against speech critical of the United States government and the Supreme Court.

## COUNT V: FIFTH AMENDMENT (EQUAL PROTECTION)

42. Mr. Hodge incorporates by reference the allegations contained in ¶¶ 1 through 32 set forth above.

43. The second sub-part of 40 U.S.C. § 6135 is an unconstitutional restriction in violation of the Fifth Amendment to the United States Constitution because, as applied, it discriminates in favor of United States government, litigants before the Supreme Court, and their attorneys, as speakers, and against private citizens as speakers.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Harold H. Hodge, Jr., requests that judgment be entered in his favor as follows:

1. Declaring 40 U.S.C. § 6135 unconstitutional on its face, and as applied to Plaintiff, because it violates the First and Fifth Amendments to the United States Constitution;

2. Striking down both sub-sections of 40 U.S.C. § 6135 in their entirety;

3. Permanently enjoining Defendants from arresting or criminally prosecuting Plaintiff or others for violating 40 U.S.C. § 6135;

4. Awarding Plaintiff his costs and attorney fees pursuant to 28 U.S.C. § 2412;

5. Granting such other and further relief as the Court may deem just and proper.

　　　/s/ Jeffrey L. Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff and*
*Participating Attorney for*
*The Rutherford Institute*